1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| 11 | HUBERT WILLIAMS, ) | Case No.: 1:21-cv-00275 JLT EPG |
| 12 | Plaintiff, ) ) | ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING PLAINTIFF'S |
| 13 | v. ) ) | MOTION FOR ATTORNEY FEES |
| 14 | VOLKSWAGEN GROUP OF AMERICA, INC., ) et al. ) | (Doc. 13) |
| 15 | ) | |
| 16 | Defendants. ) ) | |

17    Hubert Williams alleges he was involved in a vehicular accident and brings claims arising from

18 his injuries. (Doc. 1, Ex. 2.) He contends the Court lacks diversity jurisdiction and seeks remand to

19 state court. (Doc. 13.) Defendants oppose remand, arguing the Court has diversity jurisdiction over the

20 action. (Doc. 15.)

21    The Court finds the matter is suitable for decision without oral argument, and no hearing will be

22 held pursuant to Local Rule 230(g). For the reasons set forth below, Plaintiff's motion to remand is

23 **GRANTED** and Plaintiff's motion for attorney's fees is **DENIED.**

24 **I.    Background and Procedural History**

25    Hubert Williams filed this action in the Superior Court of California, County of Fresno (Case

26 No. 21CECG00214) on January 25, 2021. (Doc. 1 at 9–19.) In his complaint, he states he was in a car

27 accident in which the front driver airbags failed to deploy. (*Id.* at 11.) He alleged five causes of action

28 arising from his injuries: against Volkswagen Group of America, Inc., he brought strict liability

1   manufacturing defect and design defect claims, a negligence claim, and a breach of express warranty

2   claim (*id.* at 12–16); and against Michael Cadillac, Inc., he brought a negligent repair claim.  (*Id.* at 16.)

3        Volkswagen removed the action to this Court under 28 U.S.C. § 1446 on February 26, 2021.

4   (Doc. 1.)  Williams filed this motion requesting that the Court remand the case to state court and award

5   attorney's fees on March 29, 2021.  Volkswagen filed its opposition on April 20, 2021.  (Doc. 15.)

6   Williams filed a reply on April 27, 2021.[1]  (Doc. 16.)

7   **II.       Removal Jurisdiction**

8        A suit filed in state court may be removed to federal court if the court would have had original

9   jurisdiction over the action.  28 U.S.C. § 1441(a).  Federal district courts maintain jurisdiction over

10   civil actions between citizens of different states when the amount in controversy exceeds $75,000.  28

11   U.S.C. § 1332(a)(1).  Williams contests the existence of diversity jurisdiction on the grounds that

12   complete diversity does not exist between adverse parties.  (Doc. 13 at 6.)

13        **A.       Amount in Controversy**

14        Under 28 U.S.C. § 1332, federal district courts maintain jurisdiction over civil actions between

15   citizens of different states, so long as the matter in controversy exceeds the sum or value of $75,000,

16   exclusive of interest and costs.  The parties seem to agree that the amount in controversy exceeds

17   $75,000.  In a "Statement of Damages" submitted to Volkswagen, Williams states he seeks $1,800,000

18   in pain, suffering, and inconvenience damages; $50,000 in incurred medical expenses; $100,000 in

19   future medical expenses; and $40,000 in lost earnings.  (Doc. 1, Ex. 4 at 1.)  Volkswagen states in the

20   Notice of Removal that the amount in controversy exceeds $75,000, citing the "Statement of

21   Damages."  (Doc. 1 at 4.)   Williams does not contest this assertion, stating "[t]he sole issue for this

22   Motion is plausibility . . . that Michael Cadillac is liable for negligent repair."  (Doc. 13 at 1.)  The

23   Court therefore agrees that the amount in controversy exceeds the $75,000 threshold required for

24   diversity jurisdiction.

25   ///

26

27   _____

28   [1] As the parties were informed on February 26, 2021, the Eastern District of California is in an ongoing state of judicial emergency.  (*See* Doc. 2-2.)  The action, including the Motion now pending before the Court, was assigned to the undersigned on January 7, 2022.  (*See* Doc. 22.)

B.     **Diversity of Parties**

1. <u>Legal Standard</u>

Diversity jurisdiction cannot arise unless complete diversity exists, meaning no plaintiff may be from the same state as any defendant. *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006). A civil action filed in state court may not be removed to federal court if any defendant is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b)(1). When a party removes a case to federal court under 28 U.S.C. § 1446, that party bears the burden of establishing jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

The Ninth Circuit has recognized an exception to the complete diversity requirement when a non-diverse defendant is fraudulently joined. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). If a court finds that a non-diverse defendant was joined fraudulently, the court disregards the defendant's citizenship for the purposes of determining diversity. *Id.* Joinder is fraudulent if the plaintiff fails to state a cause of action against the non-diverse defendant, and "[t]hat failure is obvious according to the well-settled rules of the state." *Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1175 (E.D. Cal. 2011). Conversely, "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that joinder was proper and remand the case to the state court." *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)).

Courts maintain a general presumption against finding fraudulent joinder. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). "[A]ny doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus*, 980 F.2d at 566). Thus, courts resolve all disputed questions of fact in favor of the removing party. *Hamilton Materials, Inc.*, 494 F.3d at 1206. The removing party must prove fraudulent joinder by "clear and convincing evidence." *Id.*

Courts examine questions of fraudulent joinder by engaging in a "summary inquiry" to "identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-

3

1    state defendant . . . .” *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (citation

2    omitted).  The Ninth Circuit has stated the analysis under Federal Rule of Civil Procedure 12(b)(6)

3    shares similarities with the fraudulent joinder standard, and “the complaint will be the most helpful

4    guide in determining whether a defendant has been fraudulently joined.” *Grancare, LLC*, 889 F.3d at

5    549.  However, the analysis is not identical:

6              If a plaintiff’s complaint can withstand a Rule 12(b)(6) motion with respect to a
             particular defendant, it necessarily follows that the defendant has not been fraudulently
7            joined.  But the reverse is not true.  If a defendant cannot withstand a Rule 12(b)(6)
             motion, the fraudulent inquiry does not end there.  For example, the district court must
8            consider . . . whether a deficiency in the complaint can possibly be cured by granting
             the plaintiff leave to amend.

9

10    *Id.* at 550.  Remand is mandatory unless the removing party establishes the plaintiff cannot amend the

11    pleadings to cure any deficiency.  *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal.

12    2009).  In addition to the complaint, courts may “look beyond the pleadings to determine if a defendant

13    was fraudulently joined,” *Nasrawi*, 776 F. Supp. 2d at 1170, and consider evidence like that offered at

14    the summary judgment stage, such as affidavits.  *Morris*, 236 F.3d at 1068.

15              2.   Analysis

16              In his complaint, Williams states he resides in California, Volkswagen “is a New Jersey

17    Corporation with its principal place of business in . . . Virginia,” and Defendant Michael Cadillac “is a

18    California corporation with its principal place of business in . . . California.”  (Doc. 1 at 10.)  In the

19    Notice of Removal, Volkswagen states there is complete diversity of citizenship between Williams and

20    the named Defendants.  (*Id.* at 2.)  Volkswagen states Williams is a citizen of California, and

21    Volkswagen is a citizen of New Jersey and Virginia.  (*Id.*)  Volkswagen acknowledges Defendant

22    Michael Cadillac “is incorporated under the laws of the state of California and maintains its

23    headquarters and principal place of business in the state of California.  (*Id.*)  However, Volkswagen

24    argues Michael Cadillac’s joinder does not destroy diversity of citizenship because Williams

25    fraudulently joined Michael Cadillac.  (*Id.* at 2–3.)

26              In support of the argument that the joinder is fraudulent, Volkswagen states Michael Cadillac

27    “has no connection to Plaintiff’s dispute with [Volkswagen] or the incident at issue” because Williams

28    asserts claims against Volkswagen relating to the subject vehicle’s failure to deploy an airbag, and

4

1    despite a claim against Michael Cadillac for negligent repair, Michael Cadillac performed no repairs

2    related to the airbag.  (Doc. 1 at 3.)  Volkswagen also submitted an affidavit from Michael L. Rosvold,

3    who states he is the President of Michael Cadillac and reports Michael Cadillac serviced the subject

4    vehicle on one occasion, but "no repairs were performed on the driver airbag, the airbag control unit, or

5    any of the other airbags."  (Doc. 1-1 at 2.)  Thus, Volkswagen argues Williams cannot bring a valid

6    claim for negligent repair against Michael Cadillac.

7          Williams contests Volkswagen's theory of fraudulent joinder, stating "the Complaint . . . shows

8    that a claim for negligent repair lies against Defendant Michael Cadillac."  (Doc. 13 at 5.)  Specifically,

9    Williams states, "Plaintiff asserted a valid claim against Michael Cadillac for negligent repair because

10   after Plaintiff took the subject vehicle to Michael Cadillac for maintenance and repairs, Plaintiff was

11   involved in a motor vehicle [accident] and sustained severe injuries based on Michael Cadillac's

12   negligent repair of the vehicle."  (*Id.* at 6.)

13         Volkswagen presents two arguments to demonstrate fraudulent joinder on the grounds there is

14   no possibility Williams will be able to establish a negligent repair claim against Michael Cadillac.  (*See*

15   Doc. 15 at 5.)  First, Volkswagen argues Michael Cadillac exercised reasonable care in its repair of the

16   subject vehicle.  (*Id.*)  Second, Volkswagen argues Williams is unable to state a claim against Michael

17   Cadillac because he failed to identify each required element of a negligent repair action.  (*Id.* at 5, 7.)

18   Volkswagen states that Williams "fails to identify both Michael Cadillac's alleged breach and the

19   proximate or legal causation required to allege negligence."  (*Id.* at 7.)

20                a.      *Reasonable repair*

21         Volkswagen asserts Michael Cadillac "did check the airbag system electronically in connection

22   with the ECM software update, where the resulting diagnostic log verified that there were no faults in

23   the Airbag Control Module at that time."  (Doc. 15 at 5, citing Exs. A, D [Doc. 15-2 at 5–10, 36–41].)

24   Volkswagen asserts the repairs performed "have no relationship whatsoever to the driver airbag or

25   plaintiff's claim that the driver airbag failed to deploy."  (*Id.* at 6.)  Additionally, the owner of the

26   vehicle "acknowledged and declined the complimentary multi-point vehicle inspection offered to her

27   during the single repair visit."  (*Id.*)  Volkswagen states this evidence "indicates no reason to believe

28   there were any issues with the airbag system at that time."  (*Id.*)  Volkswagen further argues that even if

1   the services performed were somehow related to the airbag systems, "there is no evidence to suggest

2   Michael Cadillac performed the services negligently or that a defect existed in the subject vehicle at

3   that time." (*Id.*, citing Exs. A, D [Doc. 15-2 at 3].) It also notes Michael Cadillac "serviced the subject

4   vehicle only *once*, more than a year before the subject incident." (Doc. 15 at 6.)

5        Significantly, though Volkswagen's claims might prove persuasive to a factfinder in this case,

6   at this stage the Court must resolve all disputed questions of fact in favor of Williams. *See Hamilton*

7   *Materials, Inc.*, 494 F.3d at 1206; *Cenis v. Winco Holdings, Inc.*, 2016 WL 8730683, at *2 (E.D. Cal.

8   Aug. 12, 2016). Williams presented allegations sufficient to contest the argument that Michael

9   Cadillac exercised reasonable care in its repair of the vehicle. Williams described Michael Cadillac's

10  interaction with the vehicle, and states Michael Cadillac performed an "engine control module software

11  update." (Doc. 16 at 4.) Furthermore, even Volkswagen acknowledged that "Michael Cadillac did

12  check the airbag system electronically in connection with the [engine control module] software

13  update." (Doc. 15 at 5.) The evidence places into dispute the factual question of whether Michael

14  Cadillac's work had any impact on the vehicle's airbag system, and the Court must resolve that

15  question in Williams's favor in deciding a motion to remand. *See Hilton Materials, Inc.*, 494 F.3d at

16  1206. Volkswagen has not provided clear and convincing evidence otherwise.

17            b.      *Claim for negligent repair*

18       Williams has brought a single claim against Michael Cadillac for negligent repair. (Doc. 1 at

19  16–17.) Under California law, the elements of negligence are duty, breach, causation, and damages.

20  *Burgess v. Superior Court*, 2 Cal. 4th 1064, 1072 (1992). In his Complaint, Williams states Michael

21  Cadillac "had a duty to use reasonable care in servicing and maintaining the [subject vehicle], such

22  that the vehicle would function safely in foreseeable circumstances," it "breached its duty [] by failing

23  to service and maintain the [subject vehicle]," and "[a]s a direct and proximate cause . . . Williams has

24  sustained damages." (Doc. 1 at 16–17.) Volkswagen states Williams "fails to identify both Michael

25  Cadillac's alleged breach and the proximate or legal causation required to allege negligence." (Doc.

26  15 at 7.)

27       To establish fraudulent joinder, Volkswagen must demonstrate not only that Williams fails to

28  state a claim against Michael Cadillac, but also that the "failure is obvious according to the well-settled

1  rules of the state." *Nasrawi*, 776 F. Supp. 2d at 1175.  The allegations in Williams's Complaint are

2  limited and raise questions about their adequacy.  As Volkswagen notes, Williams provides little more

3  than conclusory statements regarding Michael Cadillac's alleged breach or how the breach caused

4  Williams's injuries.  (*See* Doc. 1 at 16–17.)  Importantly, "the tenet that a court must accept a

5  complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements,

6  supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell*

7  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Thus, the Court is not required to accept as true

8  any conclusory allegations made by Williams.

9         However, even if Volkswagen is correct that the allegations in the complaint present no

10  negligence claim, it must also show Williams is unable to cure any pleading defects if provided leave to

11  amend.  *See Grancare, LLC*, 889 F.3d at 547 (adopting district court's standard that "fraudulent joinder

12  should not be found if there is 'any possibility' that a plaintiff could state a claim against the defendant,

13  even if the complaint actually fails to state a claim"); *Miranda v. FCA US, LLC*, 497 F. Supp. 3d 880,

14  884 (E.D. Cal. 2020) (declining to find fraudulent joinder when "defendants offer no evidence or

15  argument to show that plaintiff could not include [missing] allegations in an amended complaint");

16  *Tasch v. Ford Motor Co.*, 2018 WL 3956493, at *2 (C.D. Cal. Aug. 16, 2018) (granting motion to

17  remand because the plaintiff's negligent repair claim was not "impossible as a matter of law").  "A

18  court will likely grant leave to amend if any allegations are found to be insufficient on a motion to

19  dismiss," and "California law is not so settled that a plaintiff could not possibly recover against a

20  dealership for negligent repair of a vehicle." *Lytle v. Ford Motor Co.*, 2018 WL 4793800, at *2 (E.D.

21  Cal. Oct. 2, 2018) (citing *Tasch*, 2018 WL 3956493, at *1; *Forward-Rossi v. Jaguar Land Rover N.*

22  *Am., LLC*, 2016 WL 3396925, at *4 (C.D. Cal. June 13, 2016).  Volkswagen has not demonstrated that

23  Williams's cause of action against Michael Cadillac is so deficient that he could not cure it if a court

24  were to provide leave to amend the Complaint.  Thus, the Court finds Volkswagen falls short of its

25  burden to show by clear and convincing evidence that Williams cannot possibly state a negligent repair

26  claim against Michael Cadillac.  Because the Court finds Michael Cadillac was not fraudulently joined,

27  complete diversity does not exist in this action and the matter must be remanded to the state court.

28  ///

1   **III.     Request for Fees and Costs**

2           In a case removed from state court, "[a]n order remanding the case may require payment of just

3   costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C.

4   § 1447(c).  Plaintiff moved this Court to award costs and actual expenses, including attorney's fees,

5   incurred from the case's removal, alleging the Defendants lacked reasonable basis to believe removal

6   was proper, failed to provide evidentiary support for removal, and failed to disclose facts necessary to

7   determine removability.  (Doc. 13 at 17.)

8           The Supreme Court stated that fees should not be awarded when there is "an objectively

9   reasonably basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

10  Furthermore, "removal is not objectively unreasonable solely because the removing party's arguments

11  lack merit."  *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).  Further, "if the

12  law in the Ninth Circuit is not so clear as to make the removing party's endeavor entirely frivolous, a

13  court will deny the request for attorney's fees."  *SWC Inc. v. Elite Promo Inc.*, 234 F. Supp. 3d 1018,

14  1026 (N.D. Cal. 2017) (citation omitted).

15          Although the Court finds remand is appropriate, it views Volkswagen's arguments for diversity

16  jurisdiction sufficiently colorable to provide "an objectively reasonable basis" for removal.  *See Martin*,

17  564 U.S. at 141.  Volkswagen's arguments were not "entirely frivolous."  *SWC Inc.*, 234 F. Supp. 3d at

18  1026; *cf. Rangel v. Bridgestone Retail Operations, LLC*, 200 F. Supp. 3d 1024, 1035 (no award of

19  attorney's fees for improper removal when the complaint failed to state a valid cause of action).

20  Therefore, the Court declines Williams's request to award fees and costs.

21  **V.       Conclusion and Order**

22          For the reasons set forth above, the Court **ORDERS**:

23          1.      Plaintiff's motion to remand the case to Superior Court of California, County of Fresno

24                  is **GRANTED**;

25          2.      Plaintiff's motion to award costs and attorney's fees is **DENIED**;

26          3.      The action is **DISMISSED** without prejudice for lack of jurisdiction; and

27  ///

28  ///

1          4.        The Clerk of Court is directed to close this action.

2

3    IT IS SO ORDERED.

4         Dated:    **February 22, 2022**                    UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28